UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Joseph Rose, | ) | CASE NO. 1:19 CV 314 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Cuyahoga County Prosecutor's Office- | ) | <u>AND ORDER</u> |
| State of Ohio, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Joseph Rose has filed a civil rights complaint in this matter against the "Cuyahoga County Prosecutors Office - State of Ohio." (Doc. No. 3.) His allegations are rambling and unclear, but he alleges civil rights violations and "Abuse of Process," "Malicious Prosecution," and "Prosecutorial Misconduct" in connection with a state child custody case involving his daughter. (*Id*.) For relief, he seeks $5 million in damages. (*Id*. at 11.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Additionally, federal courts are courts of limited jurisdiction and are authorized "at any time, [to] *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that the plaintiff's complaint must be summarily dismissed pursuant to §1915(e)(2)(B) and *Apple v. Glenn*.

Federal district courts lack jurisdiction over cases in which civil rights claims are asserted as a mere pretense for obtaining federal review of the merits of an underlying state domestic relations dispute, as the plaintiff appears to do here. *See Danforth v. Celebrezze*, 76 F. App'x 615 (6th Cir. 2003); *Dunina v. Hein*, No. C-3:06-CV-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (summarily dismissing a *pro se* plaintiff's civil rights complaint challenging a judge's decisions in a state domestic relations case).

Further, the Cuyahoga County Prosecutor's Office, the only defendant named in the case, is not *sui juris* and cannot be sued for damages under 42 U.S.C. § 1983. *See Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017); *Rose v. Cuyahoga County Department of Children and Family Services*, No. 1: 18 CV 2012, 2019 WL 2021716, at *3 (N.D. Ohio May 8, 2019). Even had the plaintiff named an individual prosecutor as a defendant, a "prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir.

1989), quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

Finally, the plaintiff's unclear, rambling, and conclusory allegations do not meet basic pleading requirements and are insufficient to suggest he has any plausible federal civil rights claim in any case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## Conclusion

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 4) is granted, and his action is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: June 11, 2019         */s/ John R. Adams*
                            JOHN R. ADAMS
                            UNITED STATES DISTRICT JUDGE